```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GABRIEL JOSE PENA,

                    Plaintiff,
                                            ORDER
           -against-                        21-CV-2496(JS)(JMW)

SUFFOLK COUNTY POLICE DEPARTMENT,
5th Precinct, Patchogue, N.Y.;
CHRISTIAN DEMERS, Badge # 6836; and
MICHELLE KNUDSEN,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Gabriel Jose Pena, Pro Se
                    620029
                    22 Judith Drive
                    Coram, New York 11727

For Defendants:     No Appearances.
```

SEYBERT, District Judge:

On or around April 30, 2021, pro se plaintiff Gabriel Jose Pena ("Plaintiff") commenced this action while incarcerated by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), along with an application to proceed in forma pauperis ("IFP") and a Prisoner Authorization form pursuant to the Prison Litigation Reform Act ("PLRA"). (Compl., ECF No. 1; IFP App., ECF No. 2; PLRA Form, ECF No. 6.) For the reasons that follow, Plaintiff's IFP application is GRANTED; claims against the Suffolk County Police Department are DISMISSED WITH PREJUDICE; and, claims against defendants Police Officer Christian Demers ("Officer Demers") and Michelle Knudsen ("Knudsen") shall proceed.

1

BACKGROUND

Plaintiff, using the Court's form complaint for Civil Rights actions under Section 1983, alleges:

> On January 26, 2021 between the hours of 10:30 a.m. to 2:00 p.m. while being detained at the Suffolk County Police Department[']s 5th Precin[c]t in Patchogue, N.Y., I was viscously assaulted by multiple Police Officers while I was handcuffed to the Bookings Table. Said officers punched me numerous times in my right eye giving me an instant black eye and causing a laceration under my eye. Not only was I physically assaulted but I was verbally abused throughout this situation.

(Compl. ¶ IV.)  As for a description of his injuries and medical treatment, Plaintiff alleges:

> I suffered a black eye & a laceration beneath my right eye.  I was taken to Good Samaritan Hospital in Patchogue, N.Y. where they ran numerous test & cleaned my wound while I was unconscious because Officers in the 5th Precin[c]t had the E.M.T.'s sedate me at the Precin[c]t.  I've been having reoccurring migraines ever since the assault and my vision has been blurry & extremely sensitive afterwards.

(Id. ¶ IV.A.)  Plaintiff seeks to hold the "person's involved in the assault . . . accountable" and a monetary award in the sum of $1 million for the "pain & suffering and the mental anguish I've experienced since I was physically & verbally abused by these officers of the law while I was in their custody."  (Id. ¶ V.)

DISCUSSION

I. Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP application is GRANTED.

II. Legal Standards

A. Consideration of the Complaint Under 28 U.S.C. § 1915

28 U.S.C. § 1915 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . ., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they *suggest*." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). "But the 'special solicitude' in pro

3

se cases, has its limits -- to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." Wynn v. Regus Mgmt. Grp. LLC, No. 21-CV-3503, 2021 WL 2018967, at *1 (S.D.N.Y. May 17, 2021) (quoting Triestman, 470 F.3d at 475).

    B.    Section 1983

    Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted).

III. Application of 28 U.S.C. § 1915

    A.    Claims Against the Suffolk County Police Department

Plaintiff's claims against the Suffolk County Police Department (the "Police Department") are DISMISSED with prejudice. The Police Department cannot be sued because it is an "administrative arm," which does "not have a legal identity separate and apart from the municipality." Spagnuolo v. Suffolk Cnty., No. 12-CV-4327, 2017 WL 4326510, at *2 (E.D.N.Y. Sept. 28, 2017) (citation omitted) (Seybert, J.), aff'd sub nom. Spagnuolo v. Howell, 814 F. App'x 614 (2d Cir. 2020); see also Sturgis v. Suffolk Cnty. Jail, No. 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims against the Suffolk County Police Department, among others, because it is an "administrative arm[] of the County of Suffolk [ ] [and] lack[s] the capacity to be sued"). Therefore, Plaintiff's claims against the Police Department are implausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Given Plaintiff's pro se status, the Court construes the Complaint against Suffolk County (the "County"). For the reasons that follow, Plaintiff fails to allege a plausible Section 1983 claim against the County.

It is well-established that a municipality, like the County, cannot be held liable under Section 1983 on a respondeat superior theory. Monell v. Dep't of Soc. Servs. of N.Y. City, 436

5

U.S. 658, 691 (1978); Agosto v. New York City Dep't of Educ., 982 F.3d 86, 98 (2d Cir. 2020) ("Monell expressly prohibits respondeat superior liability for municipalities" (citations omitted)). Rather, to state a claim against a municipality under Section 1983, "the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." Tafolla v. Cnty. of Suffolk, No. 17-CV-4897, 2021 WL 3675042, at *10 (E.D.N.Y. Aug. 19, 2021) (Seybert, J.) (quoting Littlejohn v. City of N.Y., 795 F.3d 297, 314 (2d Cir. 2015)). To establish the existence of a municipal policy or custom, the plaintiff must allege:

> (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread as to practically have the force of law or that was so manifest as to imply the constructive acquiescence of senior policy-making officials; or (4) that a policymaking official exhibited deliberate indifference to constitutional deprivations caused by subordinates.

Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *3 (E.D.N.Y. May 18, 2021) (Seybert, J.) (cleaned up).

Here, when liberally construing the Complaint, there are no factual allegations that a municipal policy or custom existed that caused the alleged constitutional deprivations of which Plaintiff complains. (See generally Compl.) There are similarly

6

no allegations from which the Court could reasonably construe a plausible Section 1983 claim against the County. Thus, to the extent asserted, Plaintiff's Section 1983 claim against the County is DISMISSED.

B. Claims Against Officer Demers and Knudsen

Plaintiff alleges that he was assaulted by "multiple Police Officers" at the Police Department's Fifth Precinct, located at 125 Waverly Avenue, Patchogue, New York. Plaintiff lists this address for both Officer Demers and Knudsen. Although not a model of clarity, it appears that Plaintiff alleges both Defendants participated in the challenged conduct. At this early stage of the proceedings, the Court declines to sua sponte dismiss Plaintiff's excessive force claims against Officer Demers and Knudsen. As such, these claims shall proceed.

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application (ECF No. 2) is GRANTED; and

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Suffolk County Police Department are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); and, to the extent alleged, claims against Suffolk County are DISMISSED; and

**IT IS FURTHER ORDERED** that Plaintiff's excessive force claims against defendants Demers and Knudsen shall proceed; and

7

**IT IS FURTHER ORDERED** that the Clerk of the Court shall: (1) issue Summonses to Defendants Demers and Knudsen, and (2) forward the Summonses, the Complaint, and this Order, to the United States Marshals Service for service; and (3) mail a copy of this Order to the pro se Plaintiff at his address of record; and

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  27 , 2021
       Central Islip, New York