UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GABRIEL JOSE PENA,

                  Plaintiff,

        -against-

SUFFOLK COUNTY POLICE DEPARTMENT, *et al.*,

                  Defendants.
-----------------------------------------------------------------X

**SUA SPONTE REPORT AND RECOMMENDATION**
21-CV-02496 (JS) (JMW)

**WICKS,** Magistrate Judge:

       Plaintiff Gabriel Jose Pena, proceeding *pro se*, commenced this action pursuant to 42 U.S.C § 1983 on April 30, 2021, against Defendants Suffolk County Police Department ("Suffolk County"),[1] Christian Demers ("Demers") and Michelle Knudsen ("Knudsen") alleging he was assaulted by police officers while handcuffed to a booking table at a Suffolk County precinct. Since the commencement of the action over a year ago, *pro se* Plaintiff has appeared for only one conference and has failed to comply with a multitude of Court orders. The Court has made clear that Defendant's noncompliance would have repercussions, including recommended dismissal, by forewarning that continued failure to abide by Court orders "will result in the undersigned recommending to the District Judge that the case should be DISMISSED without prejudice and without further notice." (Electronic Order, dated May 31, 2022; *see* Electronic Order, dated June 22, 2022.) Plaintiff has gone silent. Because those warnings were not heeded, the Court now respectfully recommends *sua sponte* to the Hon. Joanna Seybert that the action now be dismissed for failure to prosecute.

---

[1] Suffolk County was dismissed from the action with prejudice on August 27, 2021. (DE 8.)

1

## BACKGROUND

Soon after Plaintiff commenced this action, he advised the Court, by Notice of Change of Address, that he was currently incarcerated at the Suffolk County Correctional Facility ("SCCF"), 110 Center Drive, Riverhead, New York 11901, and requested the Court change his listed address to 22 Judith Drive, Coram, New York 11727 (the "Coram Address"). (DE 7.) Plaintiff then made an application to proceed *in forma puaperis*, which was granted by the Court on August 27, 2021. (DE 8.)

On March 4, 2022, an Initial Conference was held before the undersigned. (*See* DE 24.) The Plaintiff appeared for the Initial Conference, at which a Scheduling Order was adopted requiring Plaintiff to prepare a written narrative statement of the facts on or before April 29, 2022. (DE 24-25.) Having learned that the Plaintiff may again be incarcerated, counsel for Defendants served the Scheduling Order upon Plaintiff both at the Coram Address (DE 26-27) and to Plaintiff's attention at SCCF. (*See* DE 28 at 2-3.)[2] According to Defendants, the mailing made to SCCF was returned with a stamp "Discharged Return to Sender" and a sticker stating "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (*Id.* at 3.) The mailing to the Coram Address was not returned. (*Id.*)

Nonetheless, Plaintiff missed the April 29th deadline. (*See* DE 28.) Defendants filed a motion to compel Plaintiff to comply with the Court's Scheduling Order and submit a narrative statement. (DE 28.)[3] On May 31, 2022, the Court issued an Order which (1) reminded the Plaintiff of his obligation to inform the Court and Defendants of any change in address; (2) instructed the

---

[2] Defendants did not file a Certificate of Service in connection with the service made to SCCF.

[3] In their motion, Defendants also stated that Plaintiff also failed to return HIPAA releases for relevant medical records, failed to provide a phone number to contact him, and had made no contact with Defendants' counsels office since his assumed release from SCCF.

2

Plaintiff to provide a current mailing address in writing on or before June 17, 2022, warning that failure to do so will result in a recommendation to the district judge that his case be dismissed; and (3) set a status conference for July 29, 2022. (Electronic Order, dated May 31, 2022.) The Court's *pro se* office mailed a copy of this Order to Plaintiff on June 1, 2022.

Plaintiff ignored the June 17th deadline. The Court, to afford Plaintiff every opportunity to avoid a recommendation of dismissal, issued yet another order warning Plaintiff of the imminent risk that his action may be dismissed for failure to prosecute. (*See* Electronic Order, dated June 22, 2022.) Specifically, the Court's June 22 Order states:

> ORDER. Per the Court's May 31, 2022 Order, pro se Plaintiff was to provide the Court with a current mailing address on or before June 17, 2022. Plaintiff has failed to do so. Accordingly, by no later than July 22, 2022, the Plaintiff shall provide the Court, in writing, with a current mailing address.
>
> PLAINTIFF IS AGAIN ON NOTICE that the failure to timely respond to this Electronic Order will result in the undersigned recommending to the District Judge that the case should be DISMISSED without prejudice and without further notice. Counsel for Defendant is to serve copies of this order upon Plaintiff and file proof of service on ECF. So Ordered by Magistrate Judge James M. Wicks on 6/22/2022.

Defendants served a copy of this Order on Plaintiff at the Coram Address via First Class Express Mail. Again, Plaintiff did not respond.

On July 29, 2022, the Court held a status conference as scheduled by the May 31 Order. Plaintiff again did not appear. On the record, defense counsel confirmed that she had not received contact from the Plaintiff since the Initial Conference and that none of the service of this Court's orders on Plaintiff at the Coram Address have been returned.

## DISCUSSION

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order'" *Baptiste*

3

*v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Here, the factors weigh in favor of dismissal.

*First*, Plaintiff has taken no action to prosecute his case in over four months, since appearing for the Initial Conference on March 4, 2022. "This period of inaction, over four months long, weighs strongly in favor of dismissal." *Pena v. Zazzle Inc.*, No. 21CV5819 (VEC) (RWL), 2022 WL 676009, at *3 (S.D.N.Y. Feb. 25, 2022) (collecting cases favoring dismissal after four months of inaction).

*Second*, upon the Plaintiff's first failure to comply with a Court Order, the Court put Plaintiff on notice that continued failure to comply with Court Orders "will result in the undersigned recommending to the District Judge that the case should be DISMISSED without prejudice and without further notice." (Electronic Order, dated May 31, 2022.)  After Plaintiff failed to comply with that Order, the Court put Plaintiff on notice again "that the failure to timely respond to this Electronic Order will result in the undersigned recommending to the District Judge

4

that the case should be DISMISSED without prejudice and without further notice." (Electronic Order, dated June 22, 2022.) Accordingly, this factor also weighs in favor of dismissal.

*Third*, any further delay is likely to prejudice Defendants. Plaintiff has failed, without explanation, to take any action in this case for a significant period of time. "Courts may presume such prejudice when, as here, petitioner has caused an 'unreasonable delay.'" *Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19CV6154 (RPK) (LB), 2020 WL 7295661, at *3 (E.D.N.Y. Dec. 2, 2020).

*Fourth*, the scale balancing the Court's interest with Plaintiff's interest decidedly tips in favor of dismissal. "This factor requires the Court to consider, in relation to each other, the Court's interest in managing its docket and the plaintiff's interest in receiving a fair chance to be heard." *Pena*, 2022 WL 676009, at *4. The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn his attention" to this case. *See id.* Indeed, Plaintiff's failure to obey Court orders or make an attempt to prosecute this case effectively dismisses his right to have the Court hear his claim. *See id.*

*Fifth*, any sanction less drastic than dismissal will be ineffective. Plaintiff has had numerous months to be heard, chances to cure his inaction, and warnings of possible dismissal. And still, he took no action. This indicates that is unlikely that any sanction short of dismissal will be effective. *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15CV3716RRMRER, 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective"). Further, given Plaintiffs *in forma pauperis* status, it is unlikely monetary sanctions would be any more effective. *See Mannan v. Soc. Sec. Admin.*, No. 17-CV-06800, 2020 WL

5

2329282, at *2 (E.D.N.Y. May 11, 2020) ("Given Plaintiff's in forma pauperis status, monetary sanctions cannot be relied on because the plaintiff is indigent") (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that that this action be dismissed for Plaintiff's failure to prosecute.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel for Plaintiff. Defendant is directed to serve a copy of this Report and Recommendation on Plaintiff by the following three methods: (1) overnight mail through USPS to her P.O. Box; (2) overnight FedEx to Plaintiff's last known addresses; and (3) attaching to a text, a PDF or image of this order to the phone number provided to counsel. Counsel for Plaintiff shall promptly file proof of service for all above methods on ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
       July 30, 2022

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge